UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT ASHLAND

| | |
|---|---|
| GEORGE BESSER, | ) |
| Petitioner, | ) Civil Action No. 0:11-00070-HRW |
| V. | ) |
| J.C. HOLLAND, *Warden*, | ) **MEMORANDUM OPINION** |
| | ) **AND ORDER** |
| Respondent. | ) |

\*\*   \*\*   \*\*   \*\*   \*\*

George Besser, confined in the Federal Correctional Institution located in Ashland, Kentucky, has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, [D. E. No. 2], and an Amended § 2241 Petition, [D. E. No. 3-1], challenging his federal criminal conviction and sentence.

As Besser has paid the $5.00 filing fee, the case is properly before the Court for screening. *See* 28 U.S.C. § 2243. At the screening phase, the Court has a duty to dismiss any petition that "is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself without need for consideration of a return." *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (citations omitted).

Besser challenges his federal conviction and sentence, alleging that both

violate his right to due process of law guaranteed under the Fifth Amendment of the United States Constitution. Because Besser has not demonstrated that his available remedy under 28 U.S.C. § 2255 was inadequate and ineffective to challenge his federal conviction and sentence, his § 2241 petition will be denied without prejudice and this proceeding will be dismissed.

## CRIMINAL LITIGATION HISTORY

On June 14, 2005, Besser and several co-defendants were convicted in federal court in Michigan of mail fraud, conspiracy to commit mail fraud, and money laundering, in connection with their operation of a fraudulent investment scheme.[1] *See United States v. Flynn*, No. 1:04-cv-00165-RHB-3 (W. D. Mich.). On November 14, 2005, the Besser was sentenced to a twenty-year term of imprisonment and a three-year term of supervised release, and was ordered to pay restitution in the amount of $12,651,244.00.

---

[1] From about 1998 to 2002, Besser and his co-defendants organized, operated, and promoted an investment business called Access Financial ("Access"). They represented that Access was a successful investment organization with a history of returning large profits to clients and that Access had connections to little-known, high-yield investment opportunities in world markets, which were not available to the general public. They further represented to investors that their principal would be kept in guaranteed accounts in a major world bank and would not be at risk, and told investors that Access operated as a tax-free church and that their returns would be non-taxable if they purchased a "church sub-chapter" package from Access. Many of the investors Access attracted were retirees who transferred their retirement accounts to Access on the representation that Access was eligible to receive such rollovers and that the investors' profits would be tax-free. Besser was one of two original organizers and partners of Access.

Besser appealed, but his conviction and sentence were affirmed. *United States v. Flynn*, 265 F. 3d 434, 2008 WL 425525(6th Cir. February 14, 2008) (Unpublished).

On October 15, 2009, Besser filed a motion to vacate his sentence under 28 U.S.C. § 2255, raising collateral challenges to his conviction. *See Besser v. United States*, No. 1:09-cv-00948-RHB (W. D. Mich.) ("the § 2255 Proceeding"). The § 2255 Proceeding is currently pending. On June 13, 2011, the court entered two Orders in the § 2255 Proceeding, one directing the United States to respond to Besser's § 2255 motion within ninety (90) days, and the other permitting Besser to file a supplemental memorandum in support of his § 2255 motion. *See id.*, [D. E. Nos. 20 & 21].

On that same date, June 13, 2011, Besser filed his supplemental § 2255 memorandum, in which he argued that his conviction for mail fraud, (Counts 1-39 of the Indictment); conspiracy to commit mail fraud, (Count 40); conspiracy to commit money laundering, (Count 41); money laundering, (Counts 43-57), and the money judgment against him should be vacated based on the Supreme Court's decision in *Skilling v. United States*, 130 S.Ct. 2896 (2010). *See* [D . E. No. 22]. In *Skilling*, the Supreme Court held that the "honest services" component of the federal mail-fraud statute, 18 U.S.C. § 1346, criminalizes only schemes to defraud that involve bribes or kickbacks. *i.e.*, schemes where one fraudulently deprives another of one's honest

3

services by accepting bribes or kickbacks. *Id.* at 2933.

The United States has not responded either to Besser's original § 2255 motion or his supplemental § 2255 motion, but as noted, it has until September 13, 2011, in which to do so. Besser filed the instant § 2241 petition on July 6, 2011.

## CLAIMS ASSERTED IN § 2241 PETITION

Besser asserts the same claim he raised in his supplemental § 2255 motion currently pending in the § 2255 Proceeding. He argues that because he was not charged with committing "honest services" mail fraud as defined by *Skilling, i.e.*, accepting bribery or kickbacks, he has been convicted of conduct which the United States Supreme Court has determined is not criminal. He alleges that his conviction and sentence violate his Fifth Amendment right to due process of law.

## DISCUSSION

At this time, Besser fails to state a valid habeas claim under § 2241. Title 28 U.S.C. § 2255 provides the primary avenue of relief for federal prisoners claiming the right to release as a result of an unlawful conviction. *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009) (citing 28 U.S.C. § 2255(a)). A federal prisoner may not challenge his conviction and sentence under § 2241 "if it appears that the applicant has failed to apply for relief, by [§ 2255] motion, to the court which sentenced him, or that such court has denied relief." *See* 28 U.S.C. § 2255(e).

There is, however, one exception to this rule: the "savings clause" of § 2255 allows for a § 2241 action if § 2255 is "inadequate or ineffective to test the legality of the detention." *Terrell*, 564 F.3d at 447 (quoting *Witham v. United States*, 355 F.3d 501, 505 (6th Cir. 2004)); *see* 28 U.S.C. § 2255(e). "Construing [the savings clause], courts have uniformly held that claims asserted by federal prisoners that seek to challenge their convictions or imposition of their sentence shall be filed in the [jurisdiction of the] sentencing court under 28 U.S.C. § 2255, and that claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241." Terrell, 564 F.3d at 447 (quoting *Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999) (per curiam)).

This is an exceedingly narrow exception. The remedy is not "inadequate and ineffective" simply because the prisoner failed to file a prior post-conviction motion under § 2255 or, if he filed a § 2255 motion, was denied relief. *Charles*, 180 F.3d at 756-58. Instead, the Sixth Circuit has held that this exception only applies "when the petitioner makes a claim of actual innocence." *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003).

It is the prisoner's burden to prove that his remedy under § 2255 is inadequate or ineffective. *Charles*, 180 F.3d at 756. Besser can not cannot demonstrate that his

5

§ 2255 remedy was either inadequate or ineffective to challenge the legality of his federal detention while the § 2255 Proceeding is pending in the district court where he was convicted and sentenced. The Western District of Michigan should be given the full opportunity to address Besser's recently asserted *Skilling* claim.[2] If Besser is unsuccessful in the § 2255 Proceeding, he can then appeal any adverse decision to the Sixth Circuit Court of Appeals.

This Court has recently rejected as premature a *Skilling* claim brought under § 2241, where the § 2241 petitioner had also raised a *Skilling* claim in his § 2255 motion, which was then pending in the district court where he had been convicted and sentenced. *See Brandon v. Holland*, No. 10-CV-117-DLB, 2011 WL 87183, at *1 (E.D. Ky. January 6, 2011); *see also White v. Grondolsky*, No. 06-CV-309, 2006 WL 2385358, at *2 (E.D. Ky. Aug. 17, 2006) (finding that petitioner was not entitled to

---

[2] The Court notes that although *Skilling* construed "honest services" mail fraud under 18 U.S.C. § 1346 as covering schemes in which the individual deprives another of his honest services by participating in a bribery or kickback scheme, it left intact non-honest services types of prosecution for fraud, including "money-or-property" mail fraud in which a defendant "obtain[s] money or property by means of false or fraudulent pretenses," in violation of 18 U.S.C. § 1341. *Id.* at 2934. *See United States v. Jones*, 408 F. App'x. 949, 952 (6th Cir. 2011) (holding that *Skilling* did not assist defendant charged with both honest-services fraud and non-honest services fraud); *United States v. McCafferty*, No. 1:10CR387, 2011 WL 2745933, at *12 (N.D. Ohio, July 14, 2011) (finding that defendant was not entitled to post-judgment relief under *Skilling* where she was charged with a scheme to deprive another of money or property, not honest-services fraud).

relief under § 2241 where he was simultaneously litigating the validity of his sentence in a pending § 2255 motion); *Reynolds v. Martinez*, No. 09-CV-2509, 2009 WL 3182918, at *1 (3d Cir. Oct. 6, 2009). The same result obtains in this proceeding.

Besser's § 2241 petition is premature while the § 2555 Proceeding is pending, either in the Western District of Michigan, or on appeal. Besser's § 2241 habeas petition, and amended habeas petition, will be denied without prejudice and this action will be dismissed.

## CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

1. George Besser's 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus, [D.E. No.2], and Amended § 2241 Petition, [D. E. No. 3-1], are **DENIED WITHOUT PREJUDICE**;

2. This action shall be **DISMISSED** and **STRICKEN** from the Court's active docket; and

3. Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the Respondent, Warden J. C. Holland.

This 16th day of August, 2011.



Signed By:
Henry R. Wilhoit, Jr.
United States District Judge